UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| -v.- | : | S3 09 Cr. 940 (TPG) |
| EMMANUEL ROY, | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

# GOVERNMENT'S MOTION TO PRECLUDE EXPERT TESTIMONY

PREET BHARARA
United States Attorney
Southern District of New York
Attorney for the United States of America

Robert L. Boone
Alvin L. Bragg
Assistant United States Attorneys
- Of Counsel –

**GOVERNMENT'S MOTION TO PRECLUDE EXPERT TESTIMONY**

The defendant gave untimely notice on January 21, 2013 – two days before trial – that it intends to call a medical doctor as an expert witness on the effects of alcohol consumption. The defendant's bare-bones notice fails to state how expert testimony on this subject has *any* bearing on the mortgage fraud crimes charged in the Superseding Indictment (the "Indictment"). The Indictment alleges that the defendant – then a lawyer – engaged in *two* mortgage fraud schemes over approximately *three* years. The proof will show that the defendant repeatedly engaged in fraudulent conduct. In this context, testimony about the effect of alcohol consumption will not help the jury understand the evidence or determine a fact in issue and, therefore, it should be precluded under Rule 702 of the Federal Rules of Evidence.[1]

**FACTUAL BACKGROUND**

The defendant's expert notice states that he intends to call as an expert witness, Georges J. Casimir, a medical doctor in the Department of Psychiatry at the State University of New York Downstate Medical Center, and attaches Casimir's *curriculum vitae*. The notice states that Casimir is an expert on substance abuse and that he will testify about "the effect of constant alcohol consumption on the brain, and attention deficit, and grief." The notice does not state any opinion that Casimir would offer at trial. It also does not state any evidence that Casimir would help the jury understand or any fact in issue that his testimony would help the jury determine.

---

[1] The notice also states that the defendant intends to call an expert to testify about various matters that banks rely upon in deciding whether to issue a mortgage. The notice does not provide sufficient detail about this expert's proposed testimony, and the Court should require that the defendant provide more detail so that the Court may determine whether the proposed testimony is proper.

1

## APPLICABLE LAW

Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

The party that proffers expert testimony bears the burden of showing that it is admissible. *See Bourjaily* v. *United States*, 483 U.S. 171, 175-76 (1987). The trial court must find that proposed expert testimony is both relevant and reliable prior to admitting it into evidence. *See Daubert* v. *Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-90 (1993); *Kumho Tire Company, Inc.* v. *Carmichael*, 526 U.S. 137 (1999). Specifically, in *Daubert*, the Court held that the Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. at 597. "*Daubert* applies to both defense and government experts," *United States* v. *Yousef*, 327 F.3d 56, 148 (2d Cir. 2003), and the District Court's exclusion of expert testimony will be affirmed unless it constitutes an abuse of discretion. *See General Elec. Co.* v. *Joiner*, 522 U.S. 136, 142 (1997).

## DISCUSSION

As an initial matter, the defendant's notice is woefully untimely. Federal Rule of Criminal Procedure 12.2 provides that "[i]f a defendant intends to introduce expert evidence relating to a mental disease or defect bearing on . . . the issue of guilt . . . the defendant must – within the time provided for filing a pretrial motion or at any later time the court sets – notify an attorney for the

2

government in writing of this intention and file a copy of the notice with the clerk." The defendant's notice here was filed just two days before trial. *See Fed. R. Cr. P. 12.2(d)* (the Court may exclude defense expert testimony for failure to give notice). One reason for this disclosure rule is so that the Government may have an opportunity to have the defendant examined. *See Fed. R. Cr. P. 12.2(c)* (allowing for an examination of the defendant upon the government's motion); *United States* v. *Harding,* 219 F.R.D. 62 (S.D.N.Y. 2003) (requiring the defendant to submit to an examination by the Government three weeks in advance of trial).

The substance of defendant's notice also comes nowhere close to meeting his burden of showing that Casimir's testimony is admissible. It does not state an opinion Casimir would offer, let alone any basis for arriving at such opinion. It also does not state any evidence that Casimir would help the jury understand or any fact in issue that his testimony would help the jury determine. *See Fed. R. Evid. 702*. These are threshold issues; absent some showing of relevance, the Court need not even reach whether (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case. *Id.*

The defendant cannot meet the threshold showing of relevance.[2] Evidence of mental abnormality is admissible on the issue of *mens rea* only when, if believed, it would support a legally acceptable theory of lack of *mens rea*. *See United States v. Pelletiere*, 1996 WL 282142 at *1 (2d Cir. May 29, 1996) (unpublished opinion); *United States v. Pohlot*, 827 F.2d 889, 905-06 (3d Cir. 1987). The defendant's use of alcohol cannot negate proof of specific intent shown through repeated, detailed steps he took over years. *See Pohlot*, 827 F.2d at 906 (expert testimony on the effect of alcohol use and depression properly precluded where the defendant engaged in "careful activity, over a lengthy period of

---

[2] Here, the Government must hypothesize as to the basis upon which the defendant contends that Casimir's testimony is relevant, because the defendant has not stated any such basis for relevancy in his notice.

3

time"); *United States* v. *Kim*, 303 F.Supp.2d 150 (D. Conn. 2004) (precluding expert testimony about depression and defendant's history of family abuse and mental illness in a case charging a scheme to defraud insurance companies); *United States v. Pendergraft*, 120 F.Supp.2d 1339, 1344 (M.D. Fl. 2000), *aff'd sub nom. United States v. Speilyogel*, 99 F. App'x 881 (11th Cir. 2004) *cert. granted, judgment vacated sub nom. Spielyogel v. United States*, 543 U.S. 1109 (2005) and *aff'd sub nom. United States v. Spielyogel*, 133 F. App'x 738 (11th Cir. 2005) (precluding expert testimony by a psychologist about a personality disorder in an extortion and mail fraud case because the testimony "provide[d] evidence of justification or excuse for the Defendant's actions and [did] not show or prove the lack of Defendant's intent"); *United States v. Baxt*, 74 F. Supp.2d 436, 440 (D.N.J. 1999) (precluding expert psychiatric testimony where the defendant was charged with misrepresenting assets on loan applications).

   The type of psychiatric or psychological testimony that the defendant seeks to inject is not just irrelevant; it is highly prejudicial, as it would invite the jury to focus on a defense akin to justification and not to focus on the defendant's *mens rea*. *See generally United States v. Dupre*, 462 F.3d 131, 138 (2d Cir. 2006) (expert testimony on defendant's mental health, which supported defendant's belief that she was compelled to participate in investment scheme by God, was not admissible to negate the *mens rea* elements of charged offenses of wire fraud and conspiracy to commit wire fraud, as the testimony would likely mislead and confuse jury by permitting defendant to prove impermissible theory of justification before jury without meeting the burden of presenting insanity defense); *United States* v. *Cameron,* 907 F.2d 1051, 1066 (11th Cir. 1990) ("When a defendant claims to have psychiatric evidence that she 'lacked the capacity' or was 'incapable' of forming the intent necessary for the crime charged, most often that defendant is speaking of an incapacity to reflect or control the behaviors that produced the criminal conduct.  Such evidence is not "psychiatric evidence to negate specific intent" and should not be admitted."); *United States v. Sabir*, 2007 WL 1373184 at *5

(S.D.N.Y. May 10, 2007) (finding that in enacting the Insanity Defense Reform Act, Congress sought "the reduction of dangers posed by expert testimony regarding inherently malleable psychological concepts, which could be misused to mislead and confuse juries in criminal cases.").

In sum, the Court should preclude the defendant from calling Casimir as an expert witness, because the notice was untimely and substantively inadequate and because, in any event, Casimir's testimony would not be relevant to any issue before the jury.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court preclude the defendant from calling Casimir as an expert witness.

Dated: New York, New York
       January 22, 2013

                 Respectfully submitted,

                 PREET BHARARA
                 United States Attorney for the
                 Southern District of New York

         By:      /s/
              Robert Boone/Alvin Bragg
              Assistant United States Attorneys
              (212) 637-2208/1085